UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY L. EVERETT, | |
| Petitioner, | 3:09-cv-0484-ECR-RAM |
| vs. | **ORDER** |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the Court is petitioner's motion for appointment of counsel (docket #21), respondents' motion to dismiss the petition (docket #22), petitioner's motion for summary judgment (docket #25) which the court construes as an opposition to the motion to dismiss and petitioner's additional "Statements of Material Fact" (dockets # 28 and 29). Because the petition is untimely filed, as argued by the motion to dismiss, the petition shall be dismissed and the pending motions shall be denied.

**I.     Procedural History**

Petitioner was convicted on a guilty plea on May 20, 1981 in the Eighth Judicial Court, in Clark County, Nevada on a charge of First Degree Murder. Exhibit 1.[1] His direct appeal was decided by the Nevada Supreme Court on September 22, 1982. Exhibit 2. Then, nearly twenty

---

[1] The exhibits referenced in this Order were submitted by respondents in support of their motion to dismiss and are found in the Court's docket at docket #22.

years later, petitioner filed a motion to correct an illegal sentence on July 10, 2002. Exhibit 3. The motion was denied by the trial court December 3, 2007. Exhibit 4.

Just prior to the trial court's decision to deny the motion to correct illegal sentence, on November 6, 2007, petitioner filed a post conviction petition for writ of habeas corpus raising a single ground of ineffective assistance of counsel. Exhibit 5. The petitioner was denied by the trial court on January 25, 2008 and the order was affirmed by the Nevada Supreme Court on appeal decided August 19, 2008. Exhibits 6 and 7. The decision was based upon the untimeliness of the petition and petitioner's inability to show cause for the delay or prejudice. *Id.*

The instant federal habeas corpus action was commenced on August 24, 2009.

## II.     Discussion

The motion to dismiss pending before the court argues the petition must be dismissed because it is untimely under the one-year statute of limitations imposed by the Antiterrorist and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2244(d)(1). For convictions that became final prior to the passage of the AEDPA, the one-year period commenced on the date the AEDPA became effective, April 24, 1996, and expired one year later. *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001). It is also of note that the time during which a properly filed application for post-conviction or other collateral review of the judgment or claim is pending before a state court is tolled for purposes of the one-year period of limitations. 28 U.S.C. § 2244(d)(2).

In this case, however, there was no petition for collateral review, properly filed or otherwise, pending at the time the statute of limitations expired for petitioner, as he did nothing to attack his conviction or sentence between the time of his direct appeal and the 2002 motion for correction of an illegal sentence.

The AEDPA's statute of limitations is, in some circumstances, subject to equitable tolling. *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir.2002) (citations omitted), *cert. denied,* 537 U.S. 1003, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002). Where "extraordinary circumstances beyond a

prisoner's control make it impossible to file a petition on time," equity and fairness demand that AEDPA's statute of limitations not run to that prisoner's disadvantage. *Id.* at 1066 (citations omitted).

Petitioner notes in his motion for summary judgement, which is construed here as an opposition to the motion to dismiss, that he was transferred from Nevada to a prison in Walla Walla, Washington from 1983 to 1988. He was present in Nevada between 1988 and 1992, and was then transferred to prison in Connecticut. According to petitioner, he remained there until 2000. He asserts that during his periods out of state he had no contact with his attorney and hand no knowledge of the law or legal experience. These facts do not present the type of "extraordinary circumstances" contemplated by the courts and do not warrant equitable tolling for petitioner.

Petitioner further argues that he is actually innocent of murder, but that he was threatened by his attorney to accept a guilty plea to avoid the death penalty.[2] This contention is belied by petitioner's own words in the record before this Court. Petitioner is not entitled to equitable tolling of his statute of limitations which expired on April 24, 1997. The motion to dismiss shall be granted.

**IV. Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

---

[2] Petitioner was charged under Nevada's felony murder rule and he admits in his statement of material facts (docket #28) that he was present at and participated in the burglary which resulted in the sexual assault of the female victim and the killing of the male victim, but argues that he had fled the scene before the killing occurred. *Id.,* pp. 1-3. Thus, any claims of innocence on the charge of murder is belied by his own representations.

1  U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating
2  that the issues are debatable among jurists of reason; that a court could resolve the issues differently;
3  or that the questions are adequate to deserve encouragement to proceed further. *Id.*
4        Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing
5  Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in
6  the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a
7  notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has
8  considered the issues raised by petitioner, with respect to whether they satisfy the standard for
9  issuance of a certificate of appealability, and determines that none meet that standard. The Court
10 will therefore deny petitioner a certificate of appealability.
11       **IT IS THEREFORE ORDERED** that the Motion to Dismiss the petition for writ of
12 habeas corpus (docket #22) is **GRANTED. The petition is dismissed with prejudice.**
13       **IT IS FURTHER ORDERED** that all other pending motions are **DENIED.**
14       **IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue from
15 this Court. The Clerk shall enter judgment accordingly.
16       DATED this 28th day of October, 2010.

*Edward C. Reed*
_____
UNITED STATES DISTRICT JUDGE